UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHEN R. TARBELL, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )  Civil Action No. 15-10033-JGD |
| | ) |
| ROCKY'S ACE HARDWARE, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM OF DECISION AND ORDER ON
# DEFENDANT'S MOTION FOR TAXATION OF COSTS AND FEES

May 7, 2018

DEIN, U.S.M.J.

## I. INTRODUCTION

The plaintiff, Stephen R. Tarbell, brought suit against his former employer, Rocky's Ace Hardware ("Rocky's"), alleging that Rocky's had discriminated against him due to his heart condition by taking various adverse job actions against him and, ultimately, terminating his employment with the company. Mr. Tarbell's suit against Rocky's survived a motion to dismiss. See Docket No. 17.[1] However, after discovery was complete, Rocky's moved for summary judgment and prevailed. Docket No. 77. The parties' dispute continues, however, and the matter is before the court on defendant's Motion for Taxation of Costs and Fees (Docket No. 79), pursuant to which Rocky's is seeking to recover attorney's fees in the amount $45,252.00 and costs in the amount of $2,859.24 for a total of $48,111.24. Docket 80-7. For the reasons

---

[1] The court did dismiss the complaint against Karen Gravelin, Rocky's Director of Human Resources, at the relevant time.

detailed herein, the Motion is DENIED. This case was not frivolous, and the case does not meet the criteria for awarding attorney's fees and costs. Moreover, this court declines to award the fees and costs as a matter of discretion.

## II. STANDARD FOR AWARDING FEES AND COSTS

Plaintiff commenced this action alleging that Rocky's was liable for disability discrimination pursuant to the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. ("ADA") and its Massachusetts counterpart, Mass. Gen. Laws ch. 151B, § 4. The standard for awarding attorney's fees and costs to a prevailing defendant under the ADA is the same as awarding fees and costs to a prevailing defendant under other civil rights statutes, including 42 U.S.C. § 1988. Bercovitch v. Baldwin Sch., Inc., 191 F.3d 8, 10-11 (1st Cir. 1999). Thus, "attorney's fees may not be awarded to a prevailing defendant under the ADA unless the defendant establishes that the plaintiff's suit was totally unfounded, frivolous, or otherwise unreasonable or that the plaintiff continued the litigation after it clearly became so." Id. at 11. As another judge of this court comprehensively explained the applicable standard:

> "[S]ection 1988 grants courts the discretion to award a 'reasonable attorney's fee' to the prevailing parties in suits under various civil rights statutes, including 42 U.S.C. § 1983." Lamboy-Ortiz v. Ortiz-Vélez, 630 F.3d 228, 235 (1st Cir. 2010) (quoting 42 U.S.C. § 1988(b)). "[A]n award of fees in favor of a prevailing plaintiff in a civil rights suit is 'the rule, whereas fee-shifting in favor of a prevailing defendant is the exception.'" Id. at 236 (quoting Casa Marie Hogar Geriatrico, Inc. v. Rivera-Santos, 38 F.3d 615, 618 (1st Cir. 1994)). Prevailing defendants "may be granted attorneys' fees only 'upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'" Roselló-González v. Acevedo-Vilá, 483 F.3d 1, 6 (1st Cir. 2007) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978)). "In determining whether this standard has been met, the court must assess the claim at the time the complaint was filed, and must avoid the post-hoc reasoning that, because the plaintiff did not ultimately prevail, the claim must have been frivolous, unreasonable or without foundation." Tang v.

[2]

State of R.I., Dep't of Elderly Affairs, 163 F.3d 7, 13 (1st Cir. 1998). Considering the case at the time it was filed is important to ensure that a fee award does not deter future plaintiffs from coming forward:

> This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978). Fee awards to defendants are also permitted "on rare occasions where 'the plaintiff continued to litigate after [the claims] *clearly* became [frivolous, unreasonable, or groundless].'" Lamboy-Ortiz, 630 F.3d at 241 (quoting Christiansburg, 434 U.S. at 422). In such a case, the court "must at a minimum find that, following the filing of the claim, circumstances changed to such an extent that a reasonable person could not help but conclude that the claim was no longer viable." Lamboy-Ortiz, 630 F.3d at 241-42 (citing Christiansburg, 434 U.S. at 421). This type of shift could "include, for example, the receipt of evidence in the course of discovery establishing a complete defense, or a development in the controlling law that foreclosed the claim." Id. at 422.

"[D]ecisions to grant defendants their fees are, and should be, rare...." Tang, 163 F.3d at 13. The "standard is, by design, a difficult one to meet." Torres-Santiago v. Municipality of Adjuntas, 693 F.3d 230, 234 (1st Cir. 2012). "Congress granted parties the prospect of a reasonable attorney's fee under 42 U.S.C. § 1988 to encourage the prosecution of legitimate civil rights claims; to award fees to prevailing defendants when the history of a case does not justify it undercuts that goal and chills civil rights litigation." Id. (quoting Lamboy-Ortiz, 630 F.3d at 236). Furthermore, the district court retains the discretion to deny a defendant's fee request even if it determines that the lawsuit was "groundless when brought or continued," Bercovitch v. Baldwin Sch., Inc., 191 F.3d 8, 12 (1st Cir. 1999), or if it concludes that the lawsuit was frivolous, as long as the court "consider[s] all the nuances" of the particular case. Tang, 163 F.3d at 15.

Mondol v. City of Somerville, No. 15-cv-13697-ADB, 2017 WL 6003050, at *1-2 (D. Mass. Dec. 4, 2017). Applying these principles to the instant case compels the conclusion that fees and costs are not appropriately awarded here.

### III. ANALYSIS

**The Merits of the Case**

The parties have always had diametrically opposed views of the events that transpired while Mr. Tarbell was employed by Rocky's — mostly due to the fact that each side attributes improper motives to the other. This court has already spent considerable time parsing through a very detailed record to rule on the motion for summary judgment, and declines any invitation to do so again. Suffice it to say, this court does not find that the complaint was frivolous when filed.

Rocky's principle argument is that many of the claims asserted by Mr. Tarbell were time-barred. In particular, this court ruled that Mr. Tarbell's claims of discrimination stemming from his transfer from the Walpole store to the Randolph store in May 2012, from Rocky's failure to offer him a different job in May 2012, and relating to his being forced to take FMLA leave, were time-barred. However, this court ruled further that Mr. Tarbell's claims relating to Rocky's failure to hire him for the Assistant Manager position in Canton, Rocky's alleged failure to provide a post-FMLA leave accommodation to him in the form of reduced hours or a leave of absence, and Rocky's termination of Mr. Tarbell's employment, were all timely. See Summary Judgment Decision ("SJ Dec.") (Docket No. 77) at 13-14. The mix of timely and untimely claims does not render the instant litigation frivolous or otherwise unfounded.

Plaintiff contends that he only pursued the time-barred claims as discrete acts of discrimination due to information learned during the summary judgment process. See Docket No. 81 at 6-7. In any event, the facts relating to the claims which were ultimately found to be untimely were appropriately considered in assessing whether Rocky's proffered reason for Mr. Tarbell's termination was pretextual. See SJ Dec. at 14 n.10. Since the significant claims were not time-barred, and the inclusion of untimely claims did not significantly alter the scope of discovery, if at all, the fact that some claims were ultimately found to be untimely does not render the complaint frivolous so as to warrant the imposition of fees and costs on the plaintiff.

Similarly, the fact that Rocky's ultimately prevailed on the merits of Mr. Tarbell's discrimination claim does not render the complaint frivolous. This court found that the plaintiff had failed to establish that he was qualified to perform the essential functions of any new position at Rocky's after May 14, 2012 through the date of his termination. SJ Dec. at 17-18. In addition, this court found that Rocky's was not obligated to provide the open-ended accommodations that Mr. Tarbell was requesting. SC Dec. at 18-21. These conclusions were based primarily on the medical notes Mr. Tarbell's doctor had provided. While this court found that Rocky's was entitled to rely on these notes, it was not unreasonable for Mr. Tarbell to have taken exception to these poorly worded notes, or to have assumed that Rocky's would allow him to have continued to seek further clarification of his medical condition (although ultimately this court found that Rocky's was not obligated to do so). The fact that the plaintiff "ultimately came up short is not enough to show that the claims were frivolous or baseless." Mondol, 2017 WL 6003050, at *2.

Finally, Rocky's points to the fact that the lawsuit against Karen Gravelin was dismissed as evidence that it lacked merit. However, it is unclear whether the claims against Ms. Gravelin were dismissed due to a misunderstanding between counsel as to the acceptance of service, or due to the lack of details in the complaint as to Ms. Gravelin's role. Once the complaint was dismissed against her, plaintiff did not seek to reinstate any direct claims against her. Nevertheless, at the summary judgment stage it was clear that the Director of Human Services was involved in the events that were at issue in this litigation. The defendant agrees that under some circumstances there may be personal liability under Mass. Gen. Laws ch. 151B. See Docket No. 80 at 12. The record does not support a finding that naming Ms. Gravelin as a party rendered the action frivolous, unreasonable, or without foundation.

## **Conduct of Litigation**

Rocky's complains that from the beginning of the litigation "it has been Defendant's impression" that Mr. Tarbell had no real interest in the litigation, that there "were long delays in just about every step of the proceedings due to his lack of participation and cooperation" and that its inability to resolve issues informally with plaintiff's counsel was due to plaintiff's "intent to cause Defendant to incur additional expense[.]" Docket No. 80 at 12. Plaintiff counters, persuasively, with the argument that Mr. Tarbell's preoccupation with his wife's serious medical condition was the cause of much of the delay. See Docket No. 81 at 4-5. Moreover, while various discovery issues were raised with the court, this court addressed them on an issue by issue basis, allowing some requests and denying others. See, e.g., Docket No. 50. When plaintiff's counsel's inattention caused the defendant to incur unnecessary expenses, this court ordered sanctions which, as far as this court knows, were paid. Docket No. 53. Plaintiff

appropriately opposed defendant's discovery and dispositive motions.  While counsel's inability to communicate constructively with each other was undoubtedly frustrating (to both parties), the conduct of the litigation does not warrant the rare fee shifting requested by the defendant.

Finally, Rocky's takes exception to the fact that this litigation, which had very small potential damages, did not settle.  This court will not delve into settlement communications.  Nor does this court find that a failure to settle warrants the imposition of fees and costs.  In any event, this, too, seems to be an area of miscommunication.  According to the plaintiff, the parties were very close to settlement but the defendant elected not to participate further, while the defendant places the blame with the plaintiff.  See Docket No. 81 at 2, 7; Docket No. 80 at 8.  There was nothing egregious in the conduct of the litigation so as to warrant the imposition of fees and costs.

## **Discretion**

For the reasons detailed above, this court does not find that the litigation was "totally unfounded, frivolous, or otherwise unreasonable or that the plaintiff continued the litigation after it clearly became so" so as to warrant the imposition of fees and costs to the defendant.  See Bercovitch, 191 F. 3d at 11.  Even if this court were to find the litigation frivolous, the court "still retains discretion to deny or reduce fee requests after considering all the nuances of a particular case."  Tang, 163 F.3d at 15.  In the instant case, the court would decline to order payment by the plaintiff.  This court does not find that the plaintiff intentionally pursued what he believed to be frivolous litigation.  It appears that much of the initial mistrust between the parties began when the defendant made the business decision not to explain to the plaintiff why he was being transferred in the first place (i.e., the closing of his store) — thereby causing

[7]

the plaintiff to search for an explanation. The litigation was brought at a very difficult time in the plaintiff's life, through no fault of his own. Finally, there is no evidence in the record that the plaintiff can pay any award of fees and costs without considerable sacrifice. Balancing the equities, the request for fees and costs is denied.

### IV. **CONCLUSION**

For all the reasons detailed herein, defendant's Motion for Taxation of Costs and Fees (Docket No. 79) is DENIED.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge